# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

---

| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR., | CV 13-9-M-DLC-JCL |
| Plaintiff, | ORDER, and |
| | FINDINGS AND |
| vs. | RECOMMENDATION |
| SUSAN YOUNG, and | |
| HELP POINT CLAIM SERVICES, | |
| and | |
| SHERIFF, et al. | CV 13-10-M-DLC-JCL |
| and | |
| VERIZON, | CV 13-11-M-DLC-JCL |
| and | |
| FBI, | CV 13-12-M-DLC-JCL |
| and | |
| MISSOULA, MONTANA POLICE, | CV 13-13-M-DLC-JCL |
| and | |
| GEICO INSURANCE, | CV 13-14-M-DLC-JCL |
| and | |

VICTIM COMPENSATION and            CV 13-19-M-DLC-JCL
STEVE BULLOCK,

      and

UNITED STATES GOVERNMENT and       CV 13-20-M-DLC-JCL
MISSOULA, MONTANA IRS,

      and

JOHN REED,                         CV 13-21-M-DLC-JCL

      and

MAYOR JOHN ENGEN,                  CV 13-22-M-DLC-JCL

      and

MICHAEL J. ASTRUE, Commissioner,   CV 13-23-M-DLC-JCL
Social Security Administration,

      and

STATE BAR OF ARIZONA, and          CV 13-24-M-DLC-JCL
KAREN WEIGAND,

      and

STATE OF MONTANA,                  CV 13-25-M-DLC-JCL
STATE TROOPER, and
KAREN ORZECH,

      and

JOHN REED, CARAS, and              CV 13-26-M-DLC-JCL
SUSAN YOUNG,

and

WHITE HOUSE,                          CV 13-27-M-DLC-JCL
JOHN BOEHNER,

       and

MICHEAL JAMES SMITH,                  CV 13-28-M-DLC-JCL

       and

JEREMIAH C. LYNCH,                    CV 13-29-M-DLC-JCL

       and

STATE OF NEW JERSEY                   CV 13-35-M-DLC-JCL
SURCHARGE VIOLATION SYSTEM,

       and

STATE OF NEW JERSEY,                  CV 13-36-M-DLC-JCL
PENNSAUKEN POLICE,
CHERYL DUFFY, and
CHIEF COFFE,

       and

JUDGE FOX,                            CV 13-37-M-DLC-JCL

       and

STATE OF NEW JERSEY,                  CV 13-38-M-DLC-JCL
DAVE KUNKEL, and
CLEMENTON POLICE,

       and

CAMDEN COUNTY PROBATION  CV 13-39-M-DLC-JCL
DIVISION, CHILD SUPPORT
ENFORCEMENT DIVISION,
5 EXECUTIVES, AMANDA WALTON,
LINDA BROOKS, and CHRIS REILLY,

  and

CAMDEN COUNTY JAIL,  CV 13-40-M-DLC-JCL
WARDEN, and PRISON GUARDS,

  and

FHA, and  CV 13-41-M-DLC-JCL
JOHN ELLISON,

    Defendants.
_____

## I.  INTRODUCTION AND FILING FEE

  This matter is before the Court on 24 civil actions, as identified above, commenced by Plaintiff Charles Fiechtner, Sr. over the course of two weeks. Fiechtner is prosecuting all of the actions pro se.  He has not paid the $350 filing fee for any of the actions, and in 23 of the cases he did not file a motion requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

  The only case in which he moved for leave to proceed in forma pauperis is that which is filed under cause number CV 13-14-M-DLC-JCL.  In view of

Fiechtner's pro se status, the Court will deem that in forma pauperis motion as filed in each of the 24 cases identified in the caption above.

Fiechtner's Motion to Proceed in Forma Pauperis is supported by a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute these actions **IT IS HEREBY ORDERED** that Fiechtner's motion is **GRANTED**. The referenced actions may be commenced without prepayment of the filing fee, and the Clerk of Court is directed to file Fiechtner's complaint lodged in each action as of the date each complaint was lodged with the Court.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune
> from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review all of Fiechtner's pleadings to consider whether they action can survive dismissal under the provisions of section 1915(e)(2). *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005). In that regard, the Court will also consider whether his actions are frivolous, or of a harassing nature, thereby warranting the imposition of an order against him barring him from further abusive litigation activities.

## II. DISCUSSION

Because Fiechtner is proceeding pro se the Court must construe his pleadings liberally, and the pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court will keep these standards in mind in its review of Fiechtner's pleadings.

Fiechtner has filed 35 civil actions in this Court over the past two years. His pattern of conduct and the lack of merit in his cases causes the Court concern as to the legitimacy or appropriateness of his filing activities.

An individual has a right of access to the courts protected under the First Amendment to the United States Constitution. *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002). The right of access is also protected as a matter of due process. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citations omitted).

But the right of access to the courts does not permit a litigant to abuse the judicial system by filing numerous actions that are either frivolous, or reflect a pattern of harassment. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*.

To counter the potential for abusive filings, the All Writs Act at 28 U.S.C. § 1651(a) provides the district courts with inherent power, to be exercised in

appropriate circumstances, to temper the impact of misguided litigants. *Molski*, 500 F.3d at 1057. Thus, the courts have authority "to enter pre-filing orders against vexatious litigants" which restrict litigants' opportunities to abuse and burden the judicial system with additional filings. *Id*.

In dealing with a vexatious litigant, the courts must carefully balance the interest in protecting an individual's right of access to the courts against the need to preserve and efficiently allocate the limited resources of the judicial system. A court's use of its inherent powers should be cautiously measured, and a pre-filing order enjoining a litigant's activities "should rarely be filed." *De Long*, 912 F.2d at 1147. "[S]uch care is demanded in order to protect access to the courts, which serves as the final safeguard for constitutional rights." *Id*. at 1149.

The Ninth Circuit has established four factors that the district courts must carefully examine before entering a pre-filing order enjoining an abusive litigant.

> First, the litigant must be given notice and a chance to be heard before the order is entered. *De Long*, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." *Id*. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id*. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id*.

*Molski*, 500 F.3d at 1057. The district court has discretion in weighing these factors and issuing an injunctive order. *Id*. at 1056.

The Court will consider these four factors as they apply to the circumstances of Fiechtner's filing activities.

### 1. <u>Notice and Opportunity to Oppose</u>

Due process requires that before entering an order restricting an individual's right of access to the courts, the court must provide the individual with notice of the court's intent to enter an order imposing restrictions against the litigant, and afford the litigant an opportunity to oppose the entry of the order. *De Long*, 912 F.2d at 1147. An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court. *Molski*, 500 F.3d at 1058 (citing *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

The Court will afford Fiechtner an opportunity to be heard in the context of any objections to this recommendation that he chooses to file. Fiechtner will have the opportunity to file objections to this recommendation within 14 days of being served with a copy of this recommendation. 28 U.S.C. § 636(b)(1).

### 2. <u>Record for Review</u>

To support an order enjoining a litigant, the district court must make an adequate record for review on appeal. The court must list the "numerous or abusive" cases or motions that led the court to conclude that the litigant is abusing

the judicial system, and that the imposition of a vexatious litigant order is necessary. *Molski*, 500 F.3d at 1059.

In the last two years, Fiechtner has been involved in two clustered flurries of filings. Between January 18, 2011, and February 1, 2011, Fiechtner filed the following 10 actions, and each action was dismissed for the reasons identified below:

1. *Fiechtner v. Geico Insurance*, 9:11-cv-00006-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

2. *Fiechtner v. Peevey et al.*, 9:11-cv-00007-DWM
(dismissed under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief could be granted, and for lack of jurisdiction)

3. *Fiechtner v. Kohl's Department Store*, 9:11-cv-00008-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

4. *Fiechtner v. Cookies Market et al.*, 9:11-cv-00010-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

5. *Fiechtner v. Motor Vehicle Commissioners*, 9:11-cv-00012-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

6. *Fiechtner v. Bio Life Plasma Services*, 9:11-cv-00013-DWM
(dismissed under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief could be granted, and for lack of jurisdiction)

7. *Fiechtner v. Maricopa Integrated Health System*,
9:11-cv-00014-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

8. *Fiechtner v. Golberg and Osborne*, 9:11-cv-00015-DWM
(dismissed for improper venue under 28 U.S.C. 1406(a))

9. *Fiechtner v. Highland Park Apts.*, 9:11-cv-00016-DWM (dismissed for improper venue under 28 U.S.C. 1406(a))

10. *Fiechtner v. Missoula Housing Authority et al.*, 9:11-cv-00023-DWM (dismissed under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief could be granted, and for lack of jurisdiction)

Also, on July 19, 2011, Fiechtner commenced an eleventh action: *Fiechtner and Reed et al. v. Ellison et al.*, 9:11-cv-00102-DWM. The Court dismissed Fiechtner's claims in that action due to his failure to either pay the filing fee or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915.

Then from January 23, 2013, through February 6, 2013, Fiechtner filed the following 24 actions, each of which asserts conclusory allegations as summarized below:

1. *Fiechtner v. Young et al.*, 9:13-cv-00009-DLC-JCL

> Fiechtner alleges defendants violated his constitutional rights and his rights as a victim based on vague references to personal property that was taken, a criminal cover-up, interference with a capital murder case, and by preventing him from becoming President of the United States. Defendants allegedly caused him mental anguish and trauma for which they should serve "prison time" and pay $4 million.

2. *Fiechtner v. Sheriff et al.*, 9:13-cv-00010-DLC-JCL

> Fiechtner alleges defendants violated his constitutional rights and his rights as a victim protected under state and federal law. Fiechtner makes vague references to "living in an inhumane way," and that defendants prevented him from becoming

President of the United States.  Defendants allegedly caused him mental anguish and trauma for which they should serve "prison time" and pay $4 million.

3.    *Fiechtner v. Verizon*, 9:13-cv-00011-DLC-JCL

Fiechtner inexplicably alleges Verizon is liable for violations of his constitutional rights and for interfering with a capital murder case.  He further asserts Verizon violated the "customer protection act," and interfered with his "business of earning an income."  Fiechtner requests a new phone and $4 million as compensation.

4.    *Fiechtner v. FBI*, 9:13-cv-00012-DLC-JCL

Fiechtner alleges the FBI violated his constitutional rights, and his right against double jeopardy, apparently by preventing him from becoming President of the United States.  The FBI's conduct allegedly caused him mental anguish for which someone must serve "prison time" and pay $4 million.

5.    *Fiechtner v. Missoula MT Police*, 9:13-cv-00013-DLC-JCL

Fiechtner alleges the Missoula Police department violated his constitutional rights due to "Fraud tickets, Harrment [sic], Endangerment[.]"  The police department's conduct allegedly caused him mental anguish, inexplicably interfered with a capital murder case, and prevented him from becoming President of the United States.  He requests the imposition of "prison time" and the payment of $4 million.

6.    *Fiechtner v. Geico Insurance*, 9:13-cv-00014-DLC-JCL

Without explanation, Fiechtner alleges Geico Insurance violated his constitutional rights and his rights as a victim.  In support of his claims, Fiechtner alleges only the following facts:  "Officer Vance Coolidge, AZ".  Fiechtner alleges he has

suffered a concussion and brain damage. He requests that "prison time" be imposed, and that he be awarded "5 to 6 million dollars X 4 X 11[.]"

7.     *Fiechtner v. Victim Compensation et al.*, 9:13-cv-00019-DLC-JCL

Fiechtner alleges generally that his constitutional rights have been violated, and he makes reference to "capital punishment." He asserts these claims as a result of "being assaulted, stalked, being a victim, material witness[,]" and because unspecified events or conduct prevented him from becoming President of the United States. He has allegedly suffered from mental anguish, and has sustained the loss of time, money, and an invention. He requests the imposition of "prison time" and an award of $4 million.

8.     *Fiechtner v. U.S. Government et al.*, 9:13-cv-00020-DLC-JCL

Fiechtner alleges violations of his constitutional rights in general, and violations of his rights as a victim. In support of his claims Fiechtner alleges he contacted the Internal Revenue Service in Montana apparently due to unspecified civil and criminal wrongs allegedly committed against him. He alleges he has been injured due to unspecified health insurance/medicaid fraud. For his relief he requests that someone serve "prison time" and pay $4 million.

9.     *Fiechtner v. Reed*, 9:13-cv-00021-DLC-JCL

Fiechtner alleges Reed violated his constitutional rights and treated him inhumanely after some unspecified person — possibly Reed — struck and beat Fiechtner with a cane. Fiechtner alleges he was forced to live outside for 3 days without food. In support of his claims Fiechtner vaguely refers to a "cover up by Sheriff," being a "witness, material witness," being "civil[ly] wronged[,]" and "stalking + harrment [sic]." He states, "I did the work with bee sting, lost [sic] of company

time Disability and Stariring [sic] and not [sic] got paid." He claims he has suffered mental anguish, and that Reed apparently interfered with Fiechtner's "multi million dollar case against GEICO" and an unidentified murder case. Fiechtner requests "prison time" and $4 million.

10. *Fiechtner v. Engen*, 9:13-cv-00022-DLC-JCL

Fiechtner refers to unspecified constitutional right violations and "capital punishment." Fiechtner states he never received a response to his unidentified inquiries he made at the mayor's office. He alleges he has suffered mental anguish, and he requests "prison time" and an award of $4 million.

11. *Fiechtner v. Social Security Administration et al.*, 9:13-cv-00023-DLC-JCL

Fiechtner alleges defendants violated his constitutional rights due, somehow, to "capital punishment." He states he has been disabled since 2002. His supporting factual allegations state that he "filed since 2002 in AZ, New Jersey, MT[,]" he refers to "identify theft, fraud, [and] being maliced [sic][,]" and he states he "was married went bissing [sic]." He alleges he has suffered mental anguish, and he requests the imposition of "prison time" for defendants, and an award of $4 million.

12. *Fiechtner v. State Bar of Arizona et al.*, 9:13-cv-00024-DLC-JCL

Fiechtner alleges defendants violated his unspecified constitutional rights. He states he was a "victim" of an accident, was treated like a criminal, and was prevented from becoming the President of the United States. He claims he suffered mental anguish, the loss of a job, brain injury, nerve damage, and memory loss. He seeks "prison time" and $4 million.

13. *Fiechtner v. State of Montana et al.*, 9:13-cv-00025-DLC-JCL

14

Fiechtner advances conclusory allegations of constitutional right violations, harassment, stalking, and entrapment. He alleges he was asked to take a lie detector test regarding certain individuals, and has sustained a loss of wages and brain injury. He requests the imposition of "prison time."

14.   *Fiechtner v. Reed et al.*, 9:13-cv-00026-DLC-JCL

Fiechtner alleges violations of his constitutional rights due to unspecified interference with a murder case, and due to the malicious treatment of a victim and witness. He allegedly sustained unspecified harm due to malicious conduct, and he requests "prison time" and an award of $4 million.

15.   *Fiechtner v. Whitehouse et al.*, 9:13-cv-00027-DLC-JCL

Fiechtner alleges the White House — apparently referring to the house in which the President of the United States resides — and John Boehner committed unspecified violations of his constitutional rights. In support of his claims Fiechtner makes vague references to calls, witnesses, suffering, malice, fraud, being disabled, and the theft of inventions. He complains about the loss of a job, the theft of funds, and the loss of damages from prior lawsuits. For his relief he seeks "prison time" and $4 million.

16.   *Fiechtner v. Smith*, 9:13-cv-00028-DLC-JCL

Fiechtner alleges violations of unspecified constitutional rights. He inexplicably refers to a defective truck and entrapment, and he alleges interference with "multi billion, trillion, zillion dollar cases." He complains of mental anguish he has suffered, and the loss of a job and a home. He requests "prison time" and $4 million.

17. *Fiechtner v. Lynch*, 9:13-cv-00029-DLC-JCL[1]

> In this action Fiechtner identifies the undersigned United States Magistrate Judge as a defendant, and he refers to unspecified violations of his constitutional rights. In support of his claims he alleges he was "thrown out in the blizzard of February 2, 2011," and he refers to an unidentified "attempted murder." In describing his injuries he alleges he "had fractured ribs at the time," that he was allegedly subject to attempted murder, and that he suffered from mental anguish and trauma. He refers to unidentified conduct that interfered with "multi million/billion trillion zillion dollar cases" and loss of contracts. He states he is "asking for prison time," and he requests $4 million.

18. *State of New Jersey Surcharge Violation System*, 9:13-cv-00035-DLC-JCL

> Fiechtner advances conclusory allegations asserting that the "surcharge violation system" in New Jersey has violated his constitutional rights and other rights due to alleged fraud, identity theft, and malice. He alleges the defendant prevented him from becoming the President of the United States. Fiechtner alleges he has suffered emotional distress. He requests $4 million in compensation, plus $1 million per day since 1986, and he requests "prison time for all involved."

19. *State of New Jersey, et al.*, 9:13-cv-00036-DLC-JCL

> Fiechtner alleges defendants violated his constitutional rights and his rights as a witness based on unspecified fraud and identity theft. Fiechtner refers to an unspecified murder case, and he alludes to issues concerning victim compensation. He alleges he has been "maliced" for over 30 years which caused him to be homeless for 30 years, and caused him mental

---

[1]*See* infra at 18-21, discussing claims against the undersigned United States Magistrate Judge.

anguish. He states the "killer" interfered with his goals as a "star inventor", and his ability to become the President of the United States. He requests "prison time" for responsible parties, and $4 million per year since 1978.

20. *Judge Fox*, 9:13-cv-00037-DLC-JCL

Fiechtner alleges his constitutional rights were violated in connection with having been "beaten to death in jail" in 1978 Camden County, New Jersey. He refers to certain alleged physical injuries, and claims that "this problem" "stopped" his career and prevented him from being the President of the United States. For his relief he requests "prison time" for all involved, $1 million per day for an unspecified period of time, and $1 million per year for "false poisonment[sic]".

21. *State of New Jersey, et al.*, 9:13-cv-00038-DLC-JCL

Fiechtner advances conclusory claims of constitutional rights violations, identity theft, fraud, civil wrongs and organized crime. He refers to a personal injury accident in 1997. He claims a loss of wages, and that he has been subject to unspecified inhumane conditions. He alleges defendants' conduct prevented him from becoming the President of the United States and a "star inventor". He seeks the imposition of "prison time" and an award of $4 million per year since 1998.

22. *Camden County Probation Division, et al.*, 9:13-cv-00039-DLC-JCL

Fiechtner alleges defendants violated his constitutional rights, committed civil wrongs, and interfered with a capital murder case. He complains that no DNA was taken at birth, and he refers to "other[s] with same blood line." He claims he has suffered mental anguish, loss of wages, loss of career — he states he wanted to be the President of the United States and a "star inventor". He requests "prison time" and $4 million per year since 1994.

17

23. *Camden County Jail, et al.*, 9:13-cv-00040-DLC-JCL

> Fiechtner asserts conclusory allegations of constitutional rights violations, false imprisonment, and false arrest. Defendants' conduct allegedly prevented him from becoming the President of the United States. He requests compensation in the amount of $1 million per day for an unspecified period of time, $4 million per year for an unspecified time period, and "prison time" for all involved.

24. *FHA and John Ellison*, 9:13-cv-00041-DLC-JCL

> Fiechtner alleges his constitutional rights have been violated, that he has been subject to capital punishment, and has suffered from civil wrongs. He asserts numerous alleged injuries referring to trauma, "froze", "change the locks", attempted murder, loss of wages, and loss of contracts. Defendants allegedly stopped him from receiving education, rehabilitation, and achieving his goal of becoming the President of the United States. He requests $1 million per day, and $4 million per year for unspecified periods of time. He also seeks "prison time" for all.

As a preliminary and tangential matter, the circumstances of one of Fiechtner's cases — *Fiechtner v. Lynch*, 9:13-cv-00029-DLC-JCL — raise the collateral issues of whether the claims against me, as a United States Magistrate Judge, are viable and/or whether I must recuse myself from that action.

Generally, where a judge is named as a defendant in a proceeding to which the judge is assigned, federal law requires the judge to disqualify himself in the proceeding. 28 U.S.C. § 455(b)(5)(i). The requirement, however, is not absolute.

*See Horob v. Cebull*, 2011 WL 2607088, *1 n.1 (D. Mont. 2011). Where a litigant

vexatiously sues a judge and advances unfounded, spiteful, or frivolous allegations

against the judge, then the judge "has the duty to say, 'enough is enough.'"

*Mellow v. Sacramento County*, 2008 WL 2169447, *2 (E.D. Cal. 2008) (citing

*Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 761-62 (2005)

(recognizing that even mandatory requirements under the law are subject to

discretion under circumstances of "practical necessity")), report and

recommendation adopted by 2008 WL 3976873 (E.D. Cal. 2008), affirmed 365

Fed. Appx. 57 (9th Cir. 2010). A judge may exercise discretion and refuse to

recuse himself in proceedings where a litigant is abusing the judicial system.

*Mellow*, 2008 WL 2169447 at *2. "A judge is not disqualified by a litigant's suit

or threatened suit against him [in the context of scurrilous attacks]." *United States*

*v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). Thus, "where the allegations are so

palpably lacking in merit and integrity, the judge may, and should, remain in the

case to deal with the spiteful plaintiff." *Mellow*, 2008 WL 2169447 at *3 (citing

*Davis v. Kvalheim*, 2007 WL 1602369, *3 (M.D. Fla. 2007)). Otherwise, a litigant

would have the ability to improperly manipulate the judicial system.

The Court finds that Fiechtner's allegations against me in *Fiechtner v.*

*Lynch*, 9:13-cv-00029-DLC-JCL apparently stem from my judicial conduct in the

19

eleven cases Fiechtner filed in 2011.  Fiechtner apparently alleges I interfered with those allegedly multi-million dollar actions by issuing rulings which led to the dismissal of those cases.

Judges are "absolutely immune for judicial acts."  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).  *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  The doctrine of judicial immunity provides an immunity from suit, not just from an assessment of damages.  *Mireles*, 502 U.S. at 11.  Exceptions to judicial immunity exist only where the judge's actions were not taken in the judge's judicial capacity (*Mireles*, 502 U.S. at 11), or where the judge has acted "in the 'clear absence of all jurisdiction[.]' "  *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)).

Again, Fiechtner's allegations suggest only that he is dissatisfied with the course of his prior legal actions in this Court, and the ultimate dismissal of those proceedings.  A judge's role in presiding over judicial proceedings requires the judge to engage in conduct "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Fiechtner's allegations merely describe

judicial rulings and actions that qualify as normal "judicial acts" I committed in my judicial capacity.

The Court recognizes judicial immunity does not always extend to claims for injunctive or declaratory relief. "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

Here, Fiechtner's allegations against me pertain only to my prior conduct in his cases filed in 2011. Those cases are all now dismissed and are no longer pending. Consequently, prospective injunctive relief could not be granted with respect to those closed cases.

For the reasons discussed, the Court finds that Fiechtner's vague allegations against me are barred by the doctrine of judicial immunity and, thus, are frivolous. Therefore, I will exercise the discretion recognized under 28 U.S.C. § 455(b)(5)(i), and I refuse to disqualify myself in *Fiechtner v. Lynch*, 9:13-cv-00029-DLC-JCL.

### 3. <u>Substantive Findings of Frivolousness or Harassment</u>

The heart of the vexatious litigant analysis requires "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Molski*, 500 F.3d at 1059 (citation omitted). The court must consider "both the number and content of the filings as indicia" of frivolousness or a pattern of harassment. *Id*; *De Long*,

912 F.2d at 1148.  A litigant's numerous filings are frivolous where they are patently without merit.  *Molski*, 500 F.3d at 1059.  Either the legal claim for relief or the alleged claim of injury can be considered frivolous — "false or exaggerated allegations of injury [are] vexatious."  *Id*.  But even where a claim is not entirely without merit, specific allegations within a claim "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false."  *Id*. 500 F.3d at 1061.

Alternatively, a court may find that a litigant's conduct constitutes harassment in which case the court must carefully consider whether the pattern of conduct "constitutes an intent to harass the defendant or the court."  *De Long*, 912 F.2d at 1148 n.3 (citation omitted).  Manipulative or coercive litigation tactics can constitute harassment.  *Molski*, 500 F.3d at 1060.

The Court finds that the 10 actions Fiechtner commenced in January and February, 2011, were frivolous or constituted harassment.  Three of those actions were dismissed for failure to state any claim upon which the Court could grant relief despite having first given Fiechtner notice of the defects in his original pleadings and an opportunity to amend his pleadings to cure those defects.  The remaining 7 cases were dismissed on the ground that they failed for lack of proper venue despite having first given Fiechtner notice of the venue defects and an

opportunity to amend his pleadings to allege facts that might establish the District of Montana as the proper venue. An improper venue is, at the minimum, an inconvenience to defendants for whom the chosen venue is improper. Therefore, Fiechtner's pattern of conduct in attempting to prosecute claims against out-of-state defendants constitutes indicia of an intent to harass the defendants in those actions.

Fiechtner's 24 civil actions commenced in January and February, 2013, also qualify as frivolous. In at least 14 of the pleadings Fiechtner alleges that the named defendants prevented him from becoming President of the United States, or prevented him from becoming a "star inventor." In at least 23 of his pleadings Fiechtner apparently seeks to obtain orders incarcerating the defendants and imposing a period of "prison time" against them. Those factual allegations, and the remainder of his allegations in each case as summarized above, are incomprehensible, irrational, delusional, or fanciful, and lack an arguable basis in fact or law. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); and *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Fiechtner's claims of damages and injuries are also exaggerated and frivolous. In at least two of the 24 cases Fiechtner alleges he sustained up to a

"zillion" dollars in damages and injuries caused by defendants' alleged conduct. In each action Fiechtner alleges he is entitled to an award of compensatory damages in the amount of at least $4,000,000, and in one case he alleges he should be awarded up to $264,000,000 in compensation. *See Fiechtner v. Geico Insurance*, 9:13-cv-00014-DLC-JCL (seeking an award of "5 to 6 million dollars X 4 X 11"). In several cases Fiechtner requests compensation in the amount of $1,000,000 per day, and $4,000,000 per year for unspecified periods of time, but going back to 1978 in one of the cases. The total compensation he seeks in the 24 cases exceeds several billion dollars. These allegations of damages are illogical, grossly exaggerated, and cannot be sustained.

### 4. Narrowly Tailored Pre-Filing Injunctive Order

In view of a litigant's right of access to the courts, an order that restricts an individual's litigation conduct "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. The order must be limited to prevent only that specific wrongful and vexatious conduct that gave rise to the need for the pre-filing injunction. *Molski*, 500 F.3d at 1061. A pre-filing order may be sufficiently narrow if it merely subjects a litigant's proposed future filings to an initial screening by a judge to first obtain leave of court to allow the filing. *Id*.

## III.  CONCLUSION

Based on the foregoing, the Court finds that Fiechtner's complaints filed in each of the 24 actions identified above are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2).  Furthermore, the Court finds that Fiechtner's litigation conduct in the 35 cases he commenced in the last two years is frivolous, or constitutes harassment.  Thus, a pre-filing order should be entered against Fiechtner.

Therefore, IT IS HEREBY RECOMMENDED that the 24 action identified in the caption above be DISMISSED.

IT IS FURTHER RECOMMENDED that Fiechtner be declared a vexatious litigant, and the District Court Judge should enter a pre-filing order limiting Fiechtner's litigation activities with the following narrowly tailored restrictions:

1.     Fiechtner is barred from filing the following actions in this Court:

a.  any action with vague, conclusory, irrational, delusional, incomprehensible, or fanciful allegations;

b.  any action which fails to set forth adequately supported, non-conclusory, short and plain statements of his claims showing he is entitled to relief as required by Fed. R. Civ. P. 8(a);

c.  any action alleging defendants have prevented him from becoming the President of the United States or a "star inventor"; and

d.  any action asserting conclusory allegations that defendants caused Fiechtner to sustain millions, billions, trillions, or zillions of dollars in damages.

2.    Should Fiechtner file any further actions, they should be filed in a miscellaneous civil case entitled *In re Charles Adam Fiechtner, Sr.* and assigned to United States Magistrate Judge Jeremiah C. Lynch. Judge Lynch will review all such filings under appropriate standards and applicable laws to determine, on a case-by-case basis, whether the pleading should be filed as a civil action and allowed to proceed.

Pursuant to 28 U.S.C. § 636(b)(1) Fiechtner may file objections to this recommendation within 14 days of being served with a copy of this recommendation.

In the interim period of time — pending Fiechtner's objections and the presiding District Court Judge's consideration and final ruling upon those objections and this recommendation — the Clerk of Court is directed to file any future pleadings submitted by Fiechtner in a miscellaneous civil case entitled *In re*

26

*Charles Adam Fiechtner, Sr.* and assigned to United States Magistrate Judge

Jeremiah C. Lynch.  If the presiding District Court Judge adopts this

recommendation and issues the pre-filing order against Fiechtner as recommended

above, then the undersigned will proceed to review each of those interim filings in

accordance with that order.  If the presiding District Court Judge does not adopt

this recommendation, then the Clerk of Court will be directed to open each interim

filings as a separate civil action that was commenced as of the date the interim

filing was filed in the miscellaneous civil action.

DATED this 6th day of February, 2013.

Jeremiah C. Lynch
United States Magistrate Judge